```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IVAN FERNANDO ORTEGA,
                                        NOT FOR PUBLICATION
        Plaintiff,
                                        MEMORANDUM & ORDER
           -against-
                                        18-CV-7293(KAM)(RER)
NEW YORK STATE OFFICE OF TEMPORARY
DISABILITY ASSITANCE, NEW YORK
STATE SUPPLEMENTAL PROGRAM, and NEW
YORK STATE DEPARTMENT OF SOCIAL
SERVICES

        Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

    *Pro se* Plaintiff Ivan Fernando Ortega filed the above-captioned complaint in the United States District Court for the Southern District of New York on December 13, 2018, and it was transferred to this court on December 21, 2018. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order. For the reasons that follow, the complaint is dismissed.

BACKGROUND

    The complaint consists of hand-written entries in a form complaint and attached exhibits describing plaintiff's efforts "to receive full medications and money from SSI paid trust [that were] taken by H.R.A. Social Services." (ECF No. 2, Compl. at 6.) Plaintiff checked the box for federal question,

1

which he identifies as being "American Disability Acts, Civil Rights, Federal Poverty Line." (*Id*. at 2.)

It appears that plaintiff is seeking to receive payments from the Supplemental Security Income ("SSI") program that were previously remitted to the New York City Human Resources Administration ("HRA") as reimbursement for interim assistance that plaintiff had received from the HRA while he was waiting for SSI benefits. (*Id*. at 6.) By letter to plaintiff dated May 23, 2018, the Social Security Administration ("SSA") explained that plaintiff's monthly payment as of June 2018 was zero, but that he was entitled to back payments of $3,530 for the period from January through October of 2016. (*Id*. at 20.)[1] Plaintiff received a Repayment of Interim Assistance Notice dated May 22, 2018 indicating that the HRA provided plaintiff $4,578.70 in interim assistance between January and November 2016, and had received $3,530 in reimbursements from the SSA. (*Id*. at 23.)

Plaintiff requested a hearing on June 1, 2018, which was held on November 2, 2018 in the State of New York's Office of Temporary and Disability Assistance before Administrative Law Judge Edward Paulino, who issued a Decision After Fair Hearing on November 13, 2018 ("November 2018 Decision"). (*Id*. at 25-

---

[1] The Court refers to the pages of the exhibits by the page numbers assigned by the Electronic Case Filing System ("ECF").

2

28.)  ALJ Paulino's decision noted that the New York City Department of Social Services ("NYCDSS") had determined that plaintiff was not entitled to payments from any balance because the amount of his interim assistance received from the HRA exceeded the amount of HRA's reimbursement from the SSA.  (*Id.* at 27.)  Nevertheless, the ALJ adjudged that the HRA failed to present sufficient evidence that plaintiff had authorized the deductions for periods prior to October 2016.  (*Id.* at 27-28.)  Accordingly, the November 2018 Decision referred the matter back to the NYCDSS to determine whether plaintiff was entitled to additional reimbursements.  (*Id.*)  Plaintiff has not indicated whether he received any further notifications.

Plaintiff also appears to be challenging the denial by Healthfirst, his Medicare Managed Care Plan, of coverage for drugs approved to treat erectile dysfunction.  One of the attached exhibits appears to be an undated letter to Chief Judge Colleen McMahon in the United States District Court for the Southern District of New York, in which plaintiff describes Healthfirst's denial of Cialis 20mg and Levitra 20mg.  (*Id.* at 10)  A July 2, 2015 letter from plaintiff's doctor recommended Levitra 20 mg for erectile dysfunction.  (*Id.* at 41.)  A Decision After Fair Hearing issued by the State of New York Department of Health on September 26, 2017 affirmed the denial of coverage for Levitra because Medicaid does not cover

3

medications for treatment of erectile dysfunction. (*Id.* at 46-53.) Plaintiff appealed the denial to the Supreme Court of the State of New York, Kings County, which affirmed the denial of his request for Levitra. (*Id.* at 40.) A March 5, 2018 letter from Murray Hill Urology, P.C. attached a prescription for Cialis 20mg and explained that Cialis 5 mg was necessary to help plaintiff urinate because of his history of BPH.[2] (*Id.* at 30-31.) A Department of Health Decision dated July 20, 2018 affirmed the denial of plaintiff's request for coverage of Cialis 20mg. (*Id.* at 33-39.) The decision explained that Medicaid does not cover medications used for the treatment of erectile dysfunction unless the drug is used to treat other conditions and has been approved by the Food and Drug Administration for that purpose. (*Id.* at 38-39.) It stated: "The record fails to show that the FDA has approved Cialis for the treatment of BPH." (*Id.* at 39.)

Plaintiff also attaches a November 9, 2018 letter from the Social Security Administration Office of Appellate Operations explaining that plaintiff's request for review of the ALJ's April 2, 2018 decision was filed late and requesting an explanation for the delay. (*Id.* at 18.) Plaintiff does not include or describe the April 2, 2018 decision, nor does he

---

[2] The discrepancy between 20 mg and 5 mg is not explained and may have been an error. BPH is an abbreviation for benign prostatic hyperplasia, a noncancerous enlargement of the prostate.

4

indicate whether he responded to the November 9, 2018 Letter. By letter dated December 26, 2018, plaintiff mentions his request for review of a "hearing decision/order dated May 1, 2018: BNC#18D1431B21330 RECON." (ECF No. 6, at 2.) He does not enclose any additional correspondence with the SSA or otherwise describe pending claims with the SSA.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

5

(2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's claims against the New York State agencies named as defendants must be dismissed because the Eleventh Amendment's guarantee of sovereign immunity protects states from suits in federal courts. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has not identified any waiver of sovereign immunity that would permit him to bring suit against the State of New York. Accordingly, to the extent that plaintiff seeks

damages, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) ("[t]he court shall dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief.")

Moreover, even if plaintiff were to bring suit against individual officials acting in their individual capacities, plaintiff does not provide any basis for this court's jurisdiction beyond his vague references to the Americans with Disabilities Act ("ADA") and "Civil Rights, Federal Poverty Line."  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  A "public entity" is defined in the ADA as "a state or local government," or "department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(a) and (b). Plaintiff has not, however, alleged that the City of New York or its agencies denied him any services because of his disability.

Plaintiff has not identified any federal rights that depend on plaintiff's income or protect individuals with income below the federal poverty line.  Liberally construing the

7

complaint, the court considers whether plaintiff's claims implicate any other federal laws or civil rights. The Fourteenth Amendment guarantees Due Process protections, but plaintiff has not alleged that the New York state laws and proceedings provided insufficient protection of his rights to life, liberty, and property. Indeed, the exhibits attached to his complaint indicate that he received multiple hearings related to both his claim for SSI payments paid to a state agency on his behalf and his claims related to Medicare payments for specific medications. In fact, plaintiff appears to have been successful in reopening his claim for a refund of SSI benefits paid to HRA for January to November 2016, even though he also received interim assistance during that period. As of November 13, 2018, the New York City Department of Social Services was directed to recompute the amount of interim assistance he received and determine whether plaintiff is entitled to receive additional funds. Plaintiff has not indicated that he received any further notification regarding this claim. Plaintiff's other appeals, regarding provision of Levitra and Cialis 20mg were denied after a fair hearing, and, in the case of Levitra, after plaintiff's additional appeal to the New York Supreme Court. Plaintiff has not indicated whether he brought an Article 78 proceeding regarding the June 20, 2018 decision related to Cialis 20mg.

The Social Security Act provides procedures for hearings within the SSA and federal court review of final decisions of the SSA related to eligibility or amount of benefits for SSI. 42 U.S.C. § 1383(c)(1)(a) and (c)(3). But it does not provide for agency review of disagreements regarding reimbursement payments made by the SSA to state agencies for the amount of interim assistance provided while the request for SSI benefits was pending. 42 U.S.C. § 1383(g)(5). Instead, the federal regulations require *states* to hold hearings if an applicant wishes to challenge a state's decision "regarding the amount of the repayment the State keeps or the amount of any excess the State pays to you" from the SSA reimbursements. 20 C.F.R. § 416.1920. The regulations explicitly provide: "You are not entitled to a Federal hearing on the State's actions regarding repayment of interim assistance." *See id.*; *see also Warren v. Roberts*, No. 15 Civ. 7850 (NRB), 2017 WL 2782176, at *7-10 (S.D.N.Y. June 12, 2017) (discussing and collecting cases finding no federal court review of claims related to repayment of benefits where states provide interim assistance to SSI claimants). The exhibits to plaintiff's complaint indicate that he received the state hearings to which he was entitled, and he is not entitled to federal court review of the decisions regarding SSA reimbursements to state agencies for interim assistance plaintiff received under 42 U.S.C. § 1383(g)(5).

9

Plaintiff has not named the Social Security Administration as a defendant nor alleged that this federal agency violated any of his rights or issued a final decision that would be ripe for review under 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c). He includes a November 9, 2018 Letter from the SSA related to an April 2, 2018 decision, but the decision itself is not included.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because all of the defendants are immune from suit, and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   April 21, 2020
         Brooklyn, New York

                                                       /s/
                                      Hon. Kiyo A. Matsumoto
                                      United States District Judge