UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
IVAN FERNANDO ORTEGA,

              Plaintiff,

    -against-

SAMARITAN VILLAGE MYRTLE AVE. MEN'S
SHELTER; DIRECTOR MISS ANA MARIE
JOHNSON; NYC HOMELESS DIVISION
SERVICES; and THE CITY OF NEW YORK,

              Defendants.
---------------------------------------x
IVAN FERNANDO ORTEGA,

              Plaintiff,

    -against-

NEW YORK STATE OFFICE OF TEMPORARY
DISABILITY ASSISTANCE, NYS
SUPPLEMENTAL PROGRAM, NYS
DEPARTMENT OF SOCIAL SERVICES,


              Defendants.
---------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-5995 (KAM)(RER)

18-CV-7293 (KAM)(RER)

KIYO A. MATSUMOTO, United States District Judge:

        Plaintiff Ivan Fernando Ortega filed the above-captioned complaints in the United States District Court for the Southern District of New York and both cases were transferred to this Court. The Court twice dismissed the complaint in Docket No. 18-CV-5995 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305 (E.D.N.Y. Mar. 4, 2020) ("*Ortega I*"); *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*,

1

No. 18-CV-5995, 2020 WL 6873428 (E.D.N.Y. Nov. 23, 2020) ("*Ortega III*"). The Court dismissed the complaint in Docket No. 18-CV-7293 under the Eleventh Amendment and for lack of subject matter jurisdiction. *Ortega v. N.Y. State Office of Temp. Disability Assistance*, No. 18-CV-7293-KAM, 2020 WL 1929067 (E.D.N.Y. Apr. 21, 2020) ("*Ortega II*"). Following the Court's orders, Plaintiff filed a submission dated October 5, 2021 entitled "Reconsidered Review Petitioner Cases for Just Cause of Action 'Fully Favorable Decision.'" (No. 18-CV-7293, ECF No. 15 ("Pl.'s Mot.").) The submission lists Docket No. 18-CV-7293 in the caption and also includes references to Docket No. 18-CV-5995.

The Court construes Plaintiff's letter as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and applies it to both cases. Rule 60(b) allows courts to relieve a party from a final judgment on the basis of several specified circumstances, including newly discovered evidence, mistake, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party

demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotations and citation omitted).

Plaintiff has not cited any controlling decisions or data that the Court overlooked or presented any clear error or new evidence in support of his claims. There are no exceptional circumstances that would alter the Court's conclusions or justify relief from the judgments in these cases. Accordingly, Plaintiff's motion must be denied.

Plaintiff's motion consists of several documents that he believes should cause the Court to issue a "fully favorable decision." (Def.'s Mot. at 1.) A Rule 60(b) motion, however, "cannot serve as an attempt to relitigate the merits." *Ren Yuan Deng v. N.Y. State Off. of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)); *see also, e.g., Yuk Chun Kwong v. United States*, 2006 WL 467956, at *1 (E.D.N.Y. Feb. 27, 2006) ("Rule 60(b) 'is not designed to afford occasion for a moving party who is unhappy with the decision regarding the initial motion to reargue matters already fully considered and rejected by the Court.'" (quoting *Manley v. Thomas*, 265 F. Supp. 2d 363, 365 (S.D.N.Y. 2003))). Many of the documents included with the instant motion were previously submitted by Plaintiff and considered by the Court in dismissing his claims, including a Spanish-language letter signed by

3

Plaintiff's parents (*id.* at 10), letters dated October 8, 2004 and August 24, 2007 to Plaintiff from the Office of then-Senator Hillary Clinton (*id.* at 17–18), a letter dated January 18, 2012 to Plaintiff from then-Governor Andrew Cuomo (*id.* at 16), a recommendation letter dated July 30, 2015 from one of Plaintiff's college professors (*id.* at 19), and a letter dated December 4, 2019 regarding Plaintiff's request to proceed *in forma pauperis*, which the Court granted. (*Id.* at 5-9.) None of these documents suggests a basis for relief under Rule 60(b) or alleges facts sufficient to state a claim within this Court's subject matter jurisdiction. *See, e.g.*, *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, 2020 WL 6875050, at *3 (S.D.N.Y. Nov. 23, 2020) (denying motion where movant relied on "exhibits previously submitted to and considered by the Court" and failed to identify any "new facts or law" warranting relief under Rule 60(b)).

Plaintiff's motion also includes several new documents that relate to his prior allegations concerning his housing and medical care, including: a July 23, 2021 letter from his doctor (*id.* at 12); an undated tenant application rejection letter (*id.* at 13-14); a September 26, 2021 appointment slip and other documents from the New York City Department of Homeless Services (*id.* at 15, 20-26); information about his Supplemental Security Income payments (*id.* at 27); receipts and statements about medication (*id.* at 28-30), and a residency letter from a

transitional housing facility (*id.* at 32).  None of these documents suggests a basis for federal subject matter jurisdiction over Plaintiff's housing and medical care or alleges facts that could state a claim under federal law.

As the Court previously explained with respect to Plaintiff's housing, Plaintiff "does not have a constitutional right to a particular housing assignment," has not alleged an unconstitutional policy or practice by the City of New York or any of its agencies, and has not alleged facts to state a claim under the Americans with Disabilities Act or the Fair Housing Act. *Ortega III*, 2020 WL 6873428, at *3; *see Ortega I*, 2020 WL 1043305, at *4-6.  Similarly, to the extent that Plaintiff "asserts claims related to Medicaid coverage of his preferred medication and payments from the Social Security Administration, the Court previously considered and dismissed these claims" in each of Plaintiff's cases.  *Ortega III*, 2020 WL 6873428, at *4 (citing *Ortega II*, 2020 WL 1929067, at *3).  As the Court noted, Plaintiff has not sought review of a final decision of the Social Security Administration and, "[w]ithout a final agency decision, this Court does not have jurisdiction to review [P]laintiff's claims regarding his Social Security benefits at this time."  *Id.*  In sum, Plaintiff's motion does not include any new facts or law that would alter the Court's conclusions and falls far short of

demonstrating the exceptional circumstances required to warrant relief under Rule 60(b).

## CONCLUSION

Accordingly, Plaintiff's motion to reopen his cases is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on Plaintiff and note service on the docket in both cases.

**SO ORDERED.**

/s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:  Brooklyn, New York
        September 6, 2022